Entered on Docket
April 02, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 02, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 05-40908 EDJ
                                         Adv. No. 05-04255 AJ
GORDON CHARLES MOORE and
BETTY ANN MOORE,

                Debtors.    /
DICK PAUL,

                Plaintiff,
vs.

GORDON CHARLES MOORE and
BETTY ANN MOORE,
                Defendants. /

<u>MEMORANDUM</u>

    Plaintiff Dick Paul ("Paul") has moved for reconsideration of this court's order filed February 25, 2010 denying Paul's motion to reopen this adversary proceeding and to set aside a settlement agreement between Paul and debtors Gordon and Betty Moore (the "debtors"). The court will deny the motion.

A.  <u>Background</u>

    On May 13, 2005, Paul filed an adversary complaint herein

Memorandum

seeking a nondischargeable judgment against the above debtors grounded on fraud. Bankruptcy Code § 523(a)(2). Thereafter, the parties advised the court that they had settled the matter. However, the parties did not file any formal documents to conclude the adversary proceeding, such as a dismissal or a request for entry of a stipulated judgment. Accordingly, on August 29, 2006, this court entered its Dismissal With Stay (the "Dismissal Order") dismissing the adversary proceeding. The Dismissal Order provided that it was stayed for 10 days to allow either party to seek relief from the dismissal.

On September 8, 2006, Paul filed a timely motion seeking relief from the dismissal. The motion alleged that, although the parties had settled the matter, Paul's counsel was of the view that the debtors had fraudulently induced Paul to enter into the settlement because they had failed to make the payments required thereunder. Paul set the motion for hearing, but then removed the matter from calendar. Thus, the Dismissal Order became final.

Over three years passed. Then, on November 10, 2009, Paul filed a motion to reopen this adversary proceeding and to set aside the Dismissal Order (hereafter, the "2009 Motion"). Unlike the motion for relief from the settlement agreement that Paul filed in 2006, the 2009 Motion did not allege the debtor's fraud in the inducement of the settlement agreement. (Indeed, neither the word "fraud" nor the word "misrepresentation" appeared in any of Paul's moving papers for the 2009 Motion.) Rather, the 2009 Motion alleged that Paul's obligation to dismiss the complaint was conditioned on

Memorandum 2

the debtors' performance under the settlement, that the debtors did not perform, and therefore, that the court should set aside the Dismissal Order.

Following oral argument, the court advised the parties that it would deny the 2009 Motion, citing case law to the effect that the court lacked jurisdiction over actions to enforce or set aside the settlement agreement because the court had not reserved any jurisdiction, and because both the adversary proceeding and the main bankruptcy case had been closed. The cases cited by the court were <u>Kokkonen v. Guardian Life Insurance Co.</u>, 511 U.S. 375 (1994), <u>In re Hunter</u>, 66 F.3d 1002 (9th Cir. 1995), and <u>Valdez Fisheries Devel. Assoc. v.Seahawk Seafoods, Inc.</u>, 439 F.3d 545 (9th Cir. 2006). On February 25, 2010, the court entered its order denying the 2009 Motion. Paul's present motion for reconsideration followed.

Paul's motion for reconsideration, unlike the 2009 Motion, alleges that the debtors induced Paul to enter into the settlement agreement by fraud, and that the court should set aside the Dismissal Order and settlement agreement on that ground. Paul apparently concedes that any request for relief grounded on the debtors' fraud and Fed. R. Civ. P. 60(b)(3)[1] (relief from a final judgment based on "fraud, misrepresentation, or misconduct by an opposing party") would not be timely. This is so because motions

---

[1] Subject to several exceptions not applicable here, Fed. R. Civ. P. 60 applies in adversary proceedings via Fed. R. Bankr. P. 9024. All further references herein to Fed. R. Civ. P. 60 are to Fed. R. Civ. P. 60 via Fed. R. Bankr. P. 9024.

Memorandum    3

under Fed. R. Civ. P. 60(b)(3) must be filed within one year of entry of the final judgment at issue. Fed. R. Civ. P. 60(c)(1). In support of the motion for reconsideration, then, Paul cites Fed. R. Civ. P. 60(b)(6), which authorizes a court to relieve a party from a final judgement "for any reason justifying relief from the operation of the judgment."

B. Discussion

The court will deny Paul's motion for reconsideration for two basic reasons. First, Paul's request from relief from the Dismissal Order was not timely. Fed. R. Civ. P. 60(c)(1) provides that motions for relief grounded on Fed. R. Civ. P. 60(b)(6) "must be made within a reasonable time."

Here, Paul did not act within a reasonable time. Over three years have passed since the Dismissal Order became final. As early as September 8, 2006, Paul alleged in this court that debtors fraudulently induced him to enter into the settlement agreement, and Paul elected at that time not to pursue the matter. Thus, Paul has been on notice of any fraud in the inducement for over three years before he filed the current motion seeking relief from the Dismissal Order.[2] Moreover, counsel for the debtors states that he is unable

---

[2] The court also notes that under California law, actions grounded on fraud must be commenced within three years of discovery of facts constituting the fraud. Cal. Civ. Proc. Code § 338(d). Here, Paul claims in his motion for reconsideration that, at some unstated point during the three years following execution of the settlement agreement, he discovered some evidence to corroborate his contention that debtors fraudulently
(continued...)

Memorandum 4

to locate debtor Charles Moore, and that unfair prejudice would therefore result if the court were to grant Paul relief from the settlement agreement or Dismissal Order.

The court holds that Paul's motion grounded on Fed. R. Civ. P. 60(b)(6) seeking relief from the Dismissal Order was not timely, Fed. R. Civ. P. 60(c)(1), and must therefore be denied.

Secondly, to the extent that Paul seeks to set aside the settlement agreement, in this court, on the grounds of the debtor's fraud in the inducement, this court lacks subject matter jurisdiction under the rationale of Kokkonen, Hunter, and Valdez Fisheries. The court did not reserve jurisdiction, and no other basis for bankruptcy court jurisdiction exists under 28 U.S.C. § 1334(a) and (b).

In so holding, the court notes, in conformity with the Ninth Circuit's ruling in Hunter, 66 F.3d at 1006, that its decision is not intended as a ruling on the merits of Paul's contention that the settlement agreement may be set aside on the grounds of the debtors' fraud. In Hunter, the Ninth Circuit held that the Bankruptcy Appellate Panel erred in affirming the bankruptcy court's decision to dismiss, on the merits, a creditor's independent action to set aside a satisfaction of judgment on the grounds of the debtor's alleged fraud. The error arose, opined the Hunter court, because

---

[2](...continued)
induced him to enter into the settlement agreement. Even if so, Paul was clearly on notice of any fraud on debtors' part in the inducement of the settlement agreement no later than September 8, 2006, when Paul filed a motion herein so alleging.

Memorandum                    5

Fed. R. Civ. P. 60 does not bar a party from obtaining relief from the effect of a final judgment by independent action, Fed. R. Civ. P. 60(d)(1), and because the bankruptcy court lacked subject matter jurisdiction over any such independent action.

Citing the <u>Hunter</u> case, Paul argues that this court may have subject matter jurisdiction if the debtors' conduct in connection with the Dismissal Order could be considered a "fraud on the court." <u>See</u> <u>also</u> Fed. R. Civ. P. 60(d)(3). This argument fails, however, because there was no fraud on the court here.[3] No fraud aimed at the court is alleged. Moreover, the only representation made to the court in connection with the Dismissal Order was that the parties had settled the matter. This representation was made by both parties, and was, in fact, true.

/////

/////

---

[3]The Ninth Circuit has adopted the following definition of "fraud on the court:"
> "Fraud upon the court" ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

<u>Appling v. State Farm Mut. Auto. Ins. Co.</u>, 340 F.3d 769, 780 (9th Cir. 2003) (internal citations omitted). In <u>Appling</u>, the Ninth Circuit stated in this regard that a fraud on the court requires a 'grave miscarriage of justice' . . . and a fraud that is aimed at the court. <u>Id.</u> (Internal citation omitted.)

Memorandum 6

C.  <u>Conclusion</u>

Paul is not entitled to relief from the Dismissal Order grounded on Fed. R. Civ. P. 60, and the court lacks subject matter jurisdiction to hear any suit to set aside or enforce the settlement agreement at issue. The court will issue its order so providing.

** END OF MEMORANDUM **

COURT SERVICE LIST

Michael F. Babitzke
Law Offices of Michael F. Babitzke
6 S El Dorado St. #305
Stockton, CA 95202

C. Randall Bupp
Bardellini, Straw, Cavin and Bupp
2000 Crow Canyon Pl. #330
San Ramon, CA 94583

Memorandum					8